UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWN CHRISTY,<br><br>            Petitioner,<br><br>      v.<br><br>KATHY HILL,<br><br>            Respondent. | Case No. 1:23-cv-03694 (TNM) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Petitioner's *pro se* Petition for Writ of Habeas Corpus (Pet.), ECF No. 1. Petitioner Shawn Christy is currently incarcerated at the United States Penitentiary located in Tucson, Arizona. *See* Notice of Change of Address, ECF No. 3. Christy challenges the constitutionality of a state conviction and sentence entered in April 2018 by the Northampton County Court of Common Pleas, located in Easton, Pennsylvania. Pet. at 1. This state case would of course be distinct from the federal conviction that led to his current incarceration in Tucson. He seeks a writ of habeas corpus under 28 U.S.C. § 2254, demanding that the Court vacate his Pennsylvania conviction and remove all conditions arising from it. *See* Pet. at 1, 6–8, 10, 12, 14.

Federal review of state convictions is available under 28 U.S.C. § 2254 only after the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b)(1). According to Christy, he has not yet exhausted his state remedies. *See* Pet. at 3–17. More, after such exhaustion, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which

convicted and sentenced [the petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d).  Christy is neither incarcerated in this district, nor was his conviction rendered by a local court here.  So, he must file his Petition either in the U.S. District Court for the District of Arizona, or the U.S. District Court for the Eastern District of Pennsylvania.

Last, to the extent that Christy may seek relief under 28 U.S.C. § 2241, he may not do so here.  "A district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."  *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

For these reasons, Christy has no recourse in this Court, and his Petition will be dismissed without prejudice.  *See* Fed. R. Civ. P. 12(h)(3).  A separate Order will issue today.

Dated: February 1, 2024                                           TREVOR N. McFADDEN
                                                                                    United States District Judge